The PROB 12
(Rev. 2/94)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

RECEIVED

MAY    2005

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Criminal Action No. 1:98CR00049-001 JJF |
| Walik Hasan Johnson, | ) |
| Defendant. | ) |

### Petition on Probation and Supervised Release

COMES NOW Frank Kurzeknabe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Walik Hasan Johnson who was placed on supervision by the Honorable Joseph J. Farnan, Jr. sitting in the court at Wilmington, Delaware on the 3rd day of August 1999, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

Pay $100.00 special assessment.
Defendant shall participate in a drug aftercare treatment program, which may include urine testing, at the direction and discretion of the probation officer.
Defendant shall participate in a program of educational/vocational training at the discretion of the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

Above probation officer has reason to believe that Michael J. Davis has violated the terms and conditions of his supervised release under such circumstances that may warrant revocation of his supervised release. These conditions are:

**STANDARD CONDITION #2:** "You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month."

**EVIDENCE:** The defendant appeared for a scheduled office visit with the probation officer on April 7, 2005. During that office visit, the defendant was verbally informed that his next office visit was scheduled for Friday, April 27, 2005, at 10:30 a.m. The defendant was also presented with written notification regarding this office visit. The defendant failed to appear for this office visit. The defendant failed to provide any telephone, written or personal contact to explain this absence or to reschedule his office visit.

**EVIDENCE:** On April 27, 2005, a letter was sent to the defendant's reported residence (located at 1240 Thatcher Street, Apt. B, Wilmington, Delaware 19801) scheduling him for an office visit on Tuesday, May 3, 2005, at 2:30 p.m. The defendant failed to appear for this office visit. The defendant failed to provide any telephone, written or personal contact to explain his absence or to reschedule his office visit.

**EVIDENCE:** On May 3, 2005, a letter was sent to the defendant's residence of record (1240 Thatcher Street, Apt. B, Wilmington, Delaware 19801) scheduling him for an Administrative Hearing on Thursday, May 12, 2005, at 9:30 a.m. Additionally, the probation officer conducted a home visit to the defendant's residence on May 11, 2005. There was no response at the residence. A written message was left at the residence instructing the defendant to appear for his scheduled Administrative Hearing on May 12, 2005 at 9:30 a.m. The defendant failed to appear for this office visit and Administrative Hearing. The defendant failed to provide any telephone, written or personal contact to explain his absence or to reschedule this office visit and administrative hearing.

**EVIDENCE:** The defendant has failed to submit his required monthly reports for March and April 2005. The defendant has failed to provide any telephone, written or personal contact to explain why his monthly reports have not been submitted or to explain any reason for the delay in submitting the required reports.

**STANDARD CONDITION #5:** "You shall work regularly at a lawful occupation unless excused by the probation officer schooling, training or other acceptable reasons."

**EVIDENCE:** The defendant has reported no employment during the months of February, March, April and May of 2005. The defendant has not reported any enrollment or participation in any school, training or vocational program, or skills center. The defendant has also failed to report any employment seeking activities or developments since April 7, 2005.

**SPECIAL CONDITION:** "The defendant shall participate in a drug aftercare treatment program, which may include urine testing at the direction and discretion of the probation officer."

**EVIDENCE:** The defendant has failed to appear for random urine testing as required by the SODAT Program on the following dates: April 13, 2005 and April 21, 2005

**EVIDENCE:** The defendant has failed to appear for scheduled individual and group counseling sessions at the SODAT Program on the following dates: April 7, 2005 (group); April 14, 2005 (group); April 18, 2005 (individual); April 21, 2005 (group); and, April 28, 2005 (group)

**SPECIAL CONDITION:** "The defendant shall pay a $100.00 special assessment which is due immediately."

**EVIDENCE:** The defendant commenced his term of supervised release on April 30, 2004. The defendant has failed to pay his $100.00 special assessment.

PRAYING THAT THE COURT WILL ORDER ... that a warrant be issued for Walik Hasan Johnson and that he appear before the Court for a Revocation Hearing to determine if he is in violation of the conditions of his supervised release.

ORDER OF COURT

Considered and ordered this 13 day of May, 2005.

U.S. District Judge

Respectfully,

U.S. Probation Officer

Place Wilmington, Delaware

Date May 12, 2005