The PROB 12
(Rev. 2/94)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Criminal Action No. 1:98CR00049-001 JJF |
| Walik Hasan Johnson, | ) |
| Defendant. | ) |

### Petition on Probation and Supervised Release

COMES NOW Frank Kurzeknabe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Walik Hasan Johnson who was placed on supervision by the Honorable Joseph J. Farnan, Jr. sitting in the court at Wilmington, Delaware on the 3rd day of August 1999, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

Pay $100.00 special assessment; Defendant shall participate in a drug aftercare treatment program, which may include urine testing, at the direction and discretion of the probation officer; and, defendant shall participate in a program of educational/vocational training at the discretion of the probation officer.

Special conditions imposed by the Court on September 13, 2005: The defendant shall obtain verifiable employment by Wednesday, September 21, 2005; Defendant shall adhere to 8:00 p.m. to 6:00 a.m. curfew; and, should the defendant not follow these directives, or should he violate any other terms of his supervised release, a revocation hearing will be held in this matter.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

Above probation officer has reason to believe that Walik Hasan Johnson has violated the terms and conditions of his supervised release under such circumstances that may warrant revocation of his supervised release. These conditions are:

**STANDARD CONDITION #2:** "You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month."

**EVIDENCE:** During an office visit on October 4, 2005, the defendant received verbal and written notification scheduling his next office visit for Friday, October 21, 2005, at 8:30 a.m. The defendant failed to appear for that appointment as required. The defendant telephoned the probation officer on October 24, 2005, and informed that he failed to appear for the appointment scheduled on October 21 because he overslept.

**EVIDENCE:** During a telephone conversation with the defendant that occurred on October 24, 2005, the defendant was scheduled for an appointment on October 27, 2005, at 2:00 p.m. The defendant failed to appear for this appointment and the defendant failed to contact the probation officer regarding this appointment.

**STANDARD CONDITION #5:** "You shall work regularly at a lawful occupation unless excused by the probation officer schooling, training or other acceptable reasons."

**EVIDENCE:** During an office that occurred on October 4, 2005, the defendant informed that he appeared for an employment interview earlier that day at Thriftway (Great Value) Supermarket and was hired as a full time assistant in

the meat department and that the employment would commence on October 5, 2005, at 10:00 a.m. On October 11, 2005, the defendant telephoned the probation officer and informed that he commenced his employment at Thriftway (Great Value) Supermarket and stated that his employment schedule was Monday through Thursday, 4:00 p.m. to 10:00 p.m. On October 19, 2005, the probation officer conducted an employment visit to Thriftway (Great Value) and met with the meat department assistant manager, Michael Gallagher. Mr. Gallagher stated that the defendant was not employed in the meat department. Mr. Gallagher suggested that the probation officer contact the meat department manager, Joe Galloway, to further discuss the defendant's employment status. On October 21, 2005, the probation officer established telephone contact with meat department manager, Joe Galloway. Mr. Galloway informed that the defendant was terminated on October 11, 2005. The cause for termination was described as the defendant being late to arrive for work on two occasions, the defendant leaving work at 5:00 p.m. (during scheduled shift without authorization) and defendant failing to appear for scheduled employment days.

**STANDARD CONDITION #6:** "You shall notify the probation officer ten days prior to any change of residence or employment."

**EVIDENCE:** During an office visit on October 4, 2005, the defendant informed that he was hired by Thriftway (Great Value) and that he would commence his employment on October 5, 2005. The defendant telephoned the probation officer on October 11, 2005 and stated that he had commenced his employment with Thriftway (Great Value). During a telephone conversation with Thriftway (Great Value) meat department manager, Joe Galloway, on October 21, the probation officer was informed that the defendant was terminated from this employment. The defendant did not report any change in employment. During a telephone call with the defendant on October 24, 2005, the defendant related that he continues to be employed with Thriftway (Great Value).

**EVIDENCE:** During a telephone conversation with the defendant on October 11, 2005, the defendant related that he could not continue to reside with his mother at her residence and he noted that he was seeking an alternative residence. The defendant agreed to telephone the probation officer on October 13, 2005, to report any residence and telephone changes. The defendant failed to contact the probation officer as agreed. The defendant established telephone contact with the probation officer on October 17, 2005, however, the defendant failed to report any address or telephone changes. On October 24, 2005, the defendant telephoned the probation officer and reported that he had relocated to a new address. The defendant, however, could not provide the residence information because he could not recollect the complete address. The defendant was directed to provide his specific residence and telephone information to the probation officer during his appointment scheduled for October 27, 2005. The defendant failed to appear for that appointment and failed to provide the required residence and telephone information.

**SPECIAL CONDITION:** "The defendant shall participate in a drug aftercare treatment program, which may include urine testing at the direction and discretion of the probation officer."

**EVIDENCE:** The defendant failed to appear for group counseling session at SODAT on October 21, 2005.

**EVIDENCE:** The defendant failed to appear for individual counseling session at SODAT on October 24, 2005.

**EVIDENCE:** The defendant failed to appear for random urine test at SODAT on October 24, 2005.

**SPECIAL CONDITION:** "The defendant shall adhere to an 8:00 p.m. to 6:00 a.m. curfew."

**EVIDENCE:** Telephone curfew checks were attempted on October 21, 2005 (9:00 p.m.), October 22, 2005 (9:50 p.m.) and October 23, 2005 (9:00 p.m.). There was no response received to any of the noted curfew checks. Subsequent curfew checks could not be completed due to the defendant's failure to provide required address and telephone information as directed and required.

PRAYING THAT THE COURT WILL ORDER ... that a warrant be issued for Walik Hasan Johnson and that he appear before the Court for a Revocation Hearing to determine if he is in violation of the conditions of his supervised release.

ORDER OF COURT

Considered and ordered this ___1___ day of _November_, 2005.

_____
U.S. District Judge

I declare under penalty of perjury the foregoing is true and correct.

_____
U.S. Probation Officer

Place _Wilmington, Delaware_

Date _October 28, 2005_